UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT T. WILLIAMS                           CIVIL ACTION NO. 08-cv-1902

VERSUS                                       JUDGE HICKS

WARDEN, LOUISIANA STATE                      MAGISTRATE JUDGE HORNSBY
PENITENTIARY

## REPORT AND RECOMMENDATION

**Introduction**

A Caddo Parish jury convicted Robert Tyrone Williams a/k/a Lucas Lorenzo White ("Petitioner") of armed robbery with the use of a firearm. Petitioner was adjudicated a fifth felony offender and, under the State's habitual offender law, received a life sentence. The trial court imposed an additional five-year sentence under the armed robbery statute because the crime had been committed with a firearm. The appellate court affirmed the conviction and the life sentence but deleted the additional five-year term. State v. White, 907 So.2d 180 (La. App. 2d Cir. 2005), writ denied, 925 So.2d 510 (La. 2006). Petitioner pursued a number of post-conviction claims, which the state courts denied. Petitioner now seeks federal habeas corpus relief. For the reasons that follow, it is recommended that his petition be denied.

**Relevant Facts**

Crystal Meshell testified that she was working at the Tobacco World store on Pines Road in Shreveport when a man entered the store. She recognized the man from a visit about two weeks earlier. On the earlier visit, the man attempted to purchase cigarettes with a credit

card, and Meshell asked for identification. She said the man used the phone but saw Meshell's boss and left without completing the purchase.

On the second visit, the man gathered up seven to ten cartons of Newport cigarettes and placed them on the counter as if to make a purchase. Meshell testified that when she bent down to add up the purchase on a calculator, the man picked up the cigarettes, and Meshell told him to put them down. The man did not obey her, so she picked up a can of mace that she kept beside the cash register. The man then said he was going to buy the cigarettes, and Meshell told him to put them down and she would ring them up. The man put the cigarettes back on the counter, but he then pulled a handgun out of his back pocket and ordered Meshell to put the cigarettes in a bag. She complied, the man left, and Meshell pushed a panic button.

Investigating officers distributed surveillance video and received a Crime Stopper's tip that Petitioner was the man with the gun. Meshell was presented a photo lineup and identified Petitioner as the robber. Detective Tom Oster interviewed Petitioner, who gave a post-Miranda confession. Oster testified that Petitioner told him that he had been addicted to crack for about two years and had gone in the tobacco store with the intent to steal numerous cartons of cigarettes to trade for crack. Petitioner said that the clerk pulled a can of mace on him as he was leaving, which made him mad, so he pulled his pistol and made her put the cigarettes in a bag. Oster asked Petitioner why he took a gun with him if he intended only to steal the cigarettes, and Petitioner said it was just in case something like that

happened. Petitioner told Oster that he traded all the cigarettes for drugs within a short time and, within a few days, he also traded the pistol for drugs.

**Ineffective Assistance of Counsel**: **The Habeas Standard**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be." Richter, 131 S.Ct. at 786 (analyzing a Strickland claim). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system. Id. Thus, "even

a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

Finally, a Strickland petitioner whose claim the state court adjudicated on the merits must overcome the limitations of Section 2254(d) "on the record that was before the state court." Cullen v. Pinholster, 131 S.Ct. 1388 (2011). It is reversible error for a federal district court to hold a federal hearing to flesh out such a claim. Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011). These standards will be applied to the several Strickland claims discussed below.

**Conflict on Strategy**

Petitioner argued in his post-conviction application that there was a "conflict" between him and his trial counsel because counsel did not honor Petitioner's requests to file "various pretrial motions, interviews, specific witnesses who could have corroborated certain aspects of the defense theory of the charge, interviewing of State's witnesses and investigate relevant facts." Tr. 363. At the arraignment, Petitioner made a motion for appointment of new counsel, which the court summarily denied. Tr. 153.

The state trial court rejected this Strickland claim because Petitioner "failed to mention the names of these specific witnesses, what relevant facts their testimony would cover, and how they were in a position to gain such knowledge." The trial court also observed that Petitioner did not list any specific motions that counsel did not file (and that would have changed the outcome of the trial), and it is a matter of trial strategy left to

counsel as to which witnesses to call. Tr. 423-24. The state appellate court said, with respect to this and all of the Strickland issues raised in the post-conviction application: "The trial court ruling is correct, the applicant has failed to carry his burden of showing that relief should be granted, and the writ is denied." Tr. 448. The Supreme Court of Louisiana denied writs without comment. Tr. 495.

Petitioner repeats his same conclusory arguments to this court. Petitioner does not come close to meeting his heavy burden. A habeas petitioner who alleges a failure to investigate on the part of his counsel "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." Gregory v. Thaler, 601 F.3d 347, 352 (5th Cir. 2010). To prevail on an ineffective assistance claim based on uncalled witnesses, the applicant must name the witness, demonstrate that the witness would have testified, set out the contents of the proposed testimony, and show that the testimony would have been favorable. Id. Petitioner's conclusory assertions that more investigation, interviews, motions, or witnesses would have helped the defense are insufficient to meet, on the record before the state court, the heavy burden described above.

**Free and Voluntary Hearing**

Detective Oster testified at a pretrial hearing to establish, as required by law, that Petitioner's statements to him were made freely and voluntarily. Petitioner argued in his post-conviction application that the State presented only Oster's testimony to meet its burden and that trial counsel "failed to even cross-examine Det. Oster on the voluntary nature of the

statement or the knowing and intelligent waiver of the defendant's rights." He also faulted counsel for not asking Oster why the interview was not recorded. Tr. 364-65.

Detective Oster testified at the hearing that he tape recorded the reading of Miranda rights and Petitioner's statement that "he wanted to talk to me about what happened, but he did not want it on tape." Tr. 155-56. Defense counsel did cross-examine Oster, asking him about whether he was armed at the time of the interview, the size of the office, the presence of other officers, any unrecorded conversations, threats, promises, and similar issues typically explored by defense counsel at such a hearing. The judge found the confession was freely and voluntarily given. Tr. 155-59.

The state trial court rejected the post-conviction application on this issue with the observation that Petitioner never alleged that the statement was made involuntarily, cited any facts that would suggest that was the case, and did not list any witnesses who could have offered testimony that the statement was given involuntarily. Tr. 424. Petitioner makes similar, conclusory offerings in his federal filings and, once again, has not met his habeas burden.

Petitioner does offer in his habeas memorandum, for the first time, an argument that he told trial counsel months before trial that he was forced and threatened to sign the Miranda waiver card. He also suggests that he asked for a lawyer but was forced to make a recorded statement in which he waived that right. Petitioner did not present this claim to the state court. The requirement that a habeas petitioner exhaust state court remedies, codified in 28

U.S.C. § 2254(b)(1), requires a petitioner to provide the state courts a fair opportunity to apply federal constitutional principles to the same factual allegations before a federal court may review the alleged errors. Petitioner failed to afford that opportunity by presenting new factual claims in his federal petition. See Smith v. Quarterman, 515 F.3d 392, 402 (5th Cir. 2008).

It is now too late under La. C. Cr. P. art. 930.8 for Petitioner to present this new claim to the state courts, so it is procedurally barred from habeas review unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Jones v. Jones, 163 F.3rd 285, 296 (5th Cir. 1998). The "cause" standard requires the petitioner to show that some objective factor external to the defense impeded his efforts to raise the claim in state court. Murray v. Carrier, 106 S.Ct. 2639 (1986).

Petitioner was aware of the (alleged) facts underlying this claim from the moment they occurred, and there is no apparent reason he was impeded from including this claim with the many other Strickland claims he did raise in the state courts. Thus, there is no indication of cause. If Petitioner believes he can establish cause, he may attempt to do so in his objections. That opportunity resolves any due process concerns about raising this issue sua sponte. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998). There is also a complete absence of evidence to support the merits of the new argument.

**Notice of Confession**

Petitioner argued in his post-conviction application that counsel failed to object to the State not giving proper notice of intent to introduce a confession. Tr. 365-68. The trial court rejected the argument because the record contained the State's response to a discovery request that included all police reports, including Detective Oster's report, which included a synopsis of Petitioner's confession. There was also a pretrial hearing that addressed the confession.

Petitioner made a related argument that counsel should have objected to the State's reference to the confession in its opening statement. Petitioner based the argument on language from La. C. Cr. P. art. 767 that, "The state shall not, in its opening statement, avert in any way to a confession or inculpatory statement made by the defendant." The state court rejected the argument because Petitioner omitted from his quotation the part of the article that adds "unless the statement has been previously ruled admissible in the case." Tr. 424-25.

Petitioner, in his federal submissions, continues with the conclusory and unsupported claim that the State did not provide sufficient notice. The record provides no support for this argument, so it must fail. Petitioner adds the new argument that counsel should have objected that Oster's description of Petitioner's confession supported a conviction of theft but not armed robbery. This new argument is essentially a challenge to the sufficiency of the evidence, which issue Petitioner did not exhaust by presenting it on direct appeal or in his post-conviction application. Furthermore, Petitioner might have entered the store with the

thought or hope of committing only theft, but when confronted with mace he pulled a handgun and forced the clerk at gunpoint to bag the cigarettes and give them to him. The clerk's testimony is sufficient evidence under Jackson v. Virginia, 99 S.Ct. 2781 (1979) to uphold the armed robbery conviction.

**Jury Charge**

Petitioner argued in his post-conviction application that the trial court failed to charge the jury on circumstantial evidence and that counsel was ineffective for not raising an objection. Tr. 368-69. The trial court rejected the claim based on the fact that a circumstantial evidence instruction was given to the jury. Tr. 253-54, 425.

Petitioner now argues in his federal petition that counsel should have objected because the court did not distinguish between situations where all the evidence presented is circumstantial and cases where there is a mixture of direct and circumstantial evidence. But Petitioner does not articulate how any such lack of distinction prejudiced the defense. The evidence against Petitioner – eyewitness and video identification plus a confession – was all direct evidence. The fine points of assessing circumstantial evidence were merely academic as they relate to this case. There is no reasonable likelihood Petitioner would have been acquitted had a more definitive circumstantial evidence instruction been given the jury. Accordingly, this claim lacks merit.

**Brickey Treece**

Brickey Treece, whose wife worked next door to the tobacco store, was with his wife when they saw a male run by with a bunch of cigarettes in a sack. Mrs. Treece went to check on the clerk of the tobacco store, and Brickey chased the man. He rounded a corner to see the man getting into a car parked in a Circle K parking lot. Treece said he got a good look at the man's face as he backed into the car and "looked straight at me." Defense counsel attempted to undermine Treece's identification by having him admit that he did not remember the kind of car, saw the man's face for only seconds, and was not present in Tobacco World at the time of the incident. Tr. 210-13.

Petitioner argued in his post-conviction application that counsel should have impeached Treece based on a police report that said Treece could not identify the person he saw running that day. Tr. 372-74. The trial court wrote that the police officer reported that Mr. Treece described a tall, slender black male with close-cropped hair, but he could not give a clothing description. The report did not say that Treece would not be able to identify the man. The court rejected the claim that counsel was ineffective for not using the report to cross-examine Treece. Tr. 426.

Petitioner affords only two paragraphs of argument to this claim in his federal memorandum. He writes that he and his counsel were "at odds" and that counsel "failed to object to the testimony and challenge state witness credibility in the presence of the jury." He gives no hint as to the objections that should have been raised or challenges that should

have been made. Petitioner's bare, conclusory assertions are insufficient to show that the state court's rejection of this claim was objectively unreasonable.

**Other Strickland Claims**

Petitioner identified as claim number six a "recap of failures" where he repeated several of the issues discussed and rejected above. He also included as claim number eight a general assertion that counsel did not use "available evidence" to impeach State witnesses Brickey Treece and Crystal Meshell. Petitioner says counsel "did not learn the crucial information that he needed to avert the introduction of the inadmissible, damaging testimony of these witnesses." Petitioner does not, however, identify the crucial information that he says counsel should have discovered. It does not appear this claim was properly exhausted before the state courts, but the court may nonetheless reject it on the merits. 28 U.S.C. § 2254(b)(2). This argument, like most of the claims discussed above, is wholly lacking in supporting facts, so it must be rejected.

**Enhanced Sentence**

Petitioner was convicted of armed robbery under La.R.S. 14:64, which provides for a sentence between 10 and 99 years. Section 64.3 provides that when the dangerous weapon used in the armed robbery is a firearm, the offender shall receive an additional five-year consecutive sentence. Petitioner argues that his habitual offender charge should have been quashed because it was improper to enhance his armed robbery sentence once under Section 64.3 and yet again under the habitual offender statute. Petitioner raised this issue on direct

appeal, but he briefed it solely in terms of state law. Tr. 305-06. The state appellate court, applying state court precedents and interpreting the state statutes at issue, held that the trial court was correct to deny the motion to quash on the claim of double enhancement. State v. White, 907 So.2d at 182-83. The court did, however, sua sponte find the imposition of the additional five years to be in error. The Supreme Court later rejected that view in a different case. State v. King, 969 So.2d 1228 (La. 2007). But Petitioner had his five-year enhancement set aside before that happened.

Petitioner continues to press his claim that the motion to quash the multiple offender bill of information should have been granted. The appellate court's deletion of the additional five-year term moots the argument that Petitioner was subjected to double enhancement. His armed robbery sentence was enhanced only once, under the multiple offender statute. Furthermore, the argument has been phrased only in terms of state law, and habeas relief does not lie for errors of state law. Estelle v. McGuire, 112 S.Ct. 475 (1991).

**Habitual Offender Adjudication; Right to Jury Trial**

Petitioner argued on direct appeal that he was entitled to have a jury determine his prior convictions before those facts were used (at the multiple offender hearing) to impose a sentence in excess of the maximum under the armed robbery statute under which he was convicted. Tr. 306-10. Petitioner raised arguments under Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) and Blakely v. Washington, 124 S.Ct. 2531 (2004).

The state appellate court observed that this constitutional challenge was not the focus of any trial court hearing, and the record contained no argument on the topic. Because the issue was not submitted to the trial court, "it will not be considered by this court on appeal." State v. White, 907 So.2d at 184. The court added, citing State v. Winn, 890 So.2d 697 (La. App. 2d Cir. 2004), that the issue would lack merit even if it had been raised properly. The Winn decision noted that prior convictions are specifically excluded from the rulings in Apprendi and Blackely because, unlike most other considerations used to enlarge a possible penalty for an offense, a prior conviction must itself have been established through procedures that satisfy reasonable doubt and jury trial guarantees.

The claim is subject to a procedural bar defense, even though the state court addressed the merits in the alternative. Harris v. Reed, 109 S.Ct. 1038, n. 10 (1989); Fisher v. State of Texas, 169 F.3d 295, 300 (5th Cir. 1999). The habeas court may decline to address a procedural bar when the claim fails on the merits. Glover v. Hargett, 56 F.3d 682, 684 n.1 (5th Cir. 1995). That is the course that will be taken here.

Habeas relief is available in this context only if the state court's decision of this issue was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has held as recently as 2007 that "prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." James v. U.S., 127 S.Ct. 1586, 1600 n.8 (2007), citing Almendarez-Torres v. U.S., 118 S.Ct. 1219 (1998). See also U.S. v.

Pineda-Arrellano, 492 F.3d 624 (5th Cir. 2007) ("this issue no longer serves as a legitimate basis for appeal"). There may be reasonable arguments that the Supreme Court should change its position, but the Court certainly has not clearly established any law that would afford Petitioner a jury trial in his multiple offender adjudication. Similar habeas claims regarding the Louisiana multiple offender laws have been rejected. See, e.g., Schmolke v. Cain, 2011 WL 2413476, *9 (E.D. La. 2011) and Washington v. Warden, 2009 WL 4894353, *4 (W.D. La. 2009). Petitioner is not entitled to relief on this claim.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of October, 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE